**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DAINELYS RODRIGUEZ RIOS,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **ANGEL GARITE,** | § | |
| *in his official capacity as Assistant Field* | § | |
| *Office Director, as supervisor of the El Paso* | § | |
| *Processing Center*; | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *in her official capacity as Field Office* | § | |
| *Director, El Paso Region*; | § | **EP-25-CV-00744-DCG** |
| **TODD LYONS,** | § | |
| *in his official capacity as Acting Director,* | § | |
| *Immigration and Customs Enforcement*; | § | |
| **MARKWAYNE MULLIN,** | § | |
| *in his official capacity as U.S. Secretary of* | § | |
| *Homeland Security*; **and** | § | |
| **TODD BLANCHE,** | § | |
| *in his official capacity as Acting United* | § | |
| *States Attorney General*, | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND/OR PRELIMINARY INJUNCTION**

Petitioner Dainelys Rodriguez Rios moves for a Temporary Restraining Order ("TRO")

and/or a Preliminary Injunction "ordering [Petitioner's] immediate release"—"or[,] in the

alternative[,] a bond hearing before an immigration judge."[1]  The Court **DENIES** Petitioner's

Motion for the following reasons.

---

[1] *See* Mot., ECF No. 10, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF
system, rather than the cited document's internal pagination.

## I.    DISCUSSION

"[T]he primary purpose of a [TRO] is to *maintain* the status quo"—not "change it."[2]  As such, "a court cannot render [the] ultimate relief sought in a habeas petition—releasing a detainee—in the form of a . . . TRO."[3]  Put another way, where a motion for a TRO "seek[s] the same relief" as a pending habeas petition, the court must deny the motion—otherwise, the motion for "immediate release would function as a form of accelerated review, circumventing the habeas process."[4]

The same goes for preliminary injunctions.  "[W]here a motion for a preliminary injunction . . . seeks the same relief" as the movant's habeas corpus petition—namely, "immediate release"—the Court should deny the motion.[5]  "Put another way, a motion or application for a preliminary injunction is properly denied when it is no more than a 'motion to win'" the entire case at the litigation's outset.[6]

---

[2] *E.g.*, *Ruffin v. Turner*, No. 2:25-cv-169, 2026 WL 220912, at *1 (S.D. Miss. Jan. 27, 2026) (emphasis added).

[3] *E.g.*, *Saechao v. Noem*, No. 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026).

[4] *E.g.*, *Ortega v. U.S. Immigr. & Customs Enf't*, No. 6:26-CV-00865, 2026 WL 776600, at *1 (W.D. La. Mar. 18, 2026) (citation modified).

*See also, e.g.*, *Cano Alvarez v. S. La. ICE Processing Ctr.*, No. 26-0696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes.").

[5] *See, e.g.*, *Stines v. Superintendent*, No. 9:24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025); *see also, e.g.*, *Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025) (specifically applying that principle in the immigration detention context).

[6] *See, e.g.*, *Mosley v. DHI Mortg. Co.*, No. 3:25-cv-2463, 2025 WL 4220419, at *2 (N.D. Tex.), *report and recommendation accepted by* 2025 WL 4220418 (N.D. Tex. Nov. 12, 2025); *see also, e.g.*, *George v. Noem*, No. 3:25-cv-2935, 2025 WL 3852946, at *6 (N.D. Tex. Dec. 19, 2025) (similarly applying that principle in the immigration detention context), *report and recommendation accepted by* 2026 WL 30829 (N.D. Tex. Jan. 5, 2026).

Here, the relief Petitioner seeks in her Motion is the same ultimate relief that she seeks in her pending Petition for a Writ of Habeas Corpus: immediate release from detention, or (barring that) a bond hearing.[7]  Consequently, the Motion is procedurally improper.[8]

## II.    CONCLUSION

The Court therefore **DENIES** "Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunctive Relief" (ECF No. 10).

The Court will rule on Petitioner's Petition for Writ of Habeas Corpus in due course, as its heavy caseload permits.

Finally, the Court **DIRECTS** the Clerk of Court's office to **SUBSTITUTE** the named Respondents in this case as follows:

(1)     substitute Acting Attorney General Todd Blanche for Former Attorney General Pam Bondi; and

(2)     substitute Current DHS Secretary Markwayne Mullin for Former Secretary Kristi Noem.[9]

---

[7] *Compare* Pet., ECF No. 1, at 17 ("Petitioner respectfully requests this Court to . . . [i]ssue a writ of habeas corpus directing Respondents to immediately release Petitioner . . . or[,] alternatively, . . . [i]ssue a writ of habeas corpus ordering Respondents to provide Petitioner with an immediate custody redetermination before an Immigration Judge under Section 1226(a) . . . ."), *with* Mot. at 1 ("Petitioner . . . moves the Court to issue a temporary restraining order and/or preliminary injunction[] ordering her immediate release or[,] in the alternative[,] a bond hearing before an immigration judge.").

[8] *See supra* notes 2–6 and accompanying text.

[9] *Compare* Pet. at 7 ("Respondent, Kristi Noem, is named in her official capacity as U.S. Secretary of Homeland Security." (emphasis omitted)), *and id.* at 6 ("Respondent, Pamela Bondi, is named in her official capacity, as the Attorney General . . . ." (emphasis omitted)), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

So ORDERED and SIGNED this 9th day of April 2026.

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**